## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ENCOMPASS HOME & AUTO INSURANCE
COMPANY,

        Plaintiff,

    v.

RANDY LUKE; DEDRA CHILDERS; and
FARMERS INSURANCE EXCHANGE,

       Defendants.

CIVIL ACTION NO.: 4:21-cv-181

## O R D E R

In this action for declaratory judgment, Plaintiff Encompass Home & Auto Insurance Company ("Encompass") contends that it has no duty to cover, defend, or indemnify Defendant Randy Luke in a negligence action brought against him by Defendant Dedra Childers for injuries she allegedly sustained when Luke rear-ended her automobile in 2018. (Doc. 42 (Second Amended Petition for Declaratory Judgment).) Presently before the Court are Encompass' Motion for Summary Judgment, (doc. 81), and Defendant Farmers Insurance Exchange's ("Farmers") Motion for Summary Judgment, Motion to Dismiss, or in the Alternative Motion to Stay, (doc. 83). For the reasons stated below, the Court **GRANTS in part** and **DENIES in part** Farmers' Motion, (id.), and **DENIES as moot** Encompass' Motion, (doc. 81).

**BACKGROUND**

## I.    The Underlying Action

This action stems from a lawsuit that Childers filed in the State Court of Chatham County (the "Underlying Action") against Luke and his then-employer, CRS Heating & Air, Inc. ("CRS"), alleging that she suffered injuries when Luke negligently rear-ended her vehicle while she was stopped at a traffic light on June 1, 2018.  (Doc. 42-2.)  The state complaint alleges that, at the time of the accident, Luke was driving a truck owned by CRS within the scope of his employment at CRS.  (Id. at p. 3.)  Childers brought, *inter alia*, one count of negligence against Luke and a second count of negligence against CRS based upon the theory of respondent superior.  (Id. at pp. 3–6.)

According to Encompass, CRS was insured under its EncompassOne Elite Package Policy No. 281569386 (the "Policy").  (Doc. 42, p. 5.)  On January 21, 2020, Encompass sent a representation letter to Luke.  (Doc. 87-2, p. 2; see doc. 81-2, p. 4.)  In the following months, the counsel that Encompass hired to defend Luke attempted to contact him through various means but was unsuccessful.  (Doc. 87-2, pp. 3–5.)  Luke was ultimately served in the Underlying Action on April 28, 2020.  (Id. at p. 5.)  After learning that Luke had been served, his counsel continued to try to reach him, including by running Accurint reports to generate Luke's most recent address and hiring a private investigator.  (Id. at pp. 6–7.)  The investigator ultimately succeeded in contacting Luke, and Luke provided him with updated contact information.  (Id. at p. 7.)  However, when Luke's counsel thereafter tried to call the new telephone number, the number had been disconnected.  (Id.)  Luke's counsel continued to attempt to contact Luke through phone calls, letters, and text messages, to no avail.  (Id. at pp. 8–10.)  On August 13, 2020, Luke's counsel filed an answer on his behalf in the Underlying Action.[1]  (Doc. 83-4.)

---

[1]  According to Farmers, Encompass has provided a defense for Luke in the Underlying Action by filing an answer and participating in discovery—which included deposing Childers and one of her treating

## II.     The Present Declaratory Judgment Action

On June 16, 2021, Encompass initiated this suit against Luke and Childers under the Declaratory Judgment Act, 28 U.S.C. § 2201.[2]  (Doc. 1.)  Encompass asks the Court to declare that it is "not required to provide . . . Luke with coverage, indemnification, or a defense under the [Policy] because . . . Luke has failed to cooperate with the investigation or defense of the Underlying Lawsuit."  (Doc. 42, p. 6.)  Encompass undertook extensive efforts to contact and personally serve Luke, including retaining process servers, researching databases, running a Skip Trace Report, and attempting service at various addresses.  (Doc. 87-2, pp. 10–16.)  When none of these efforts were successful, Encompass moved for permission to serve Luke by publication, (doc. 33), which the Court permitted, (doc. 39).  To date, Luke has not answered or otherwise appeared in this case and no attorney has entered an appearance on his behalf.

Defendant Farmers moved to intervene in this suit as a matter of right under Federal Rule of Civil Procedure 24 on the grounds that it provides Childers with "uninsured/underinsured motorist coverage" and was served as an "unnamed defendant" in the Underlying Action.  (Doc. 10-1, p. 4.)  According to Farmers, it has an interest in the Underlying Action because, "[i]f the Court finds that Encompass'[] Policy does not offer coverage because Luke has not cooperated in

---

physicians, and by attending hearings.  (Doc. 83-1, p. 5; doc. 83-7, p. 4.)  Encompass denies the allegations that Encompass participated in discovery on the grounds that Farmers failed to cite to support in the record, as required by Southern District of Georgia Local Rule 56.1.  (Doc. 89-1, pp. 6–8); see S.D. Ga. L.R. 56.1 ("Each statement of material fact shall be supported by a citation to the record.").  Absent evidence in the record detailing what has occurred in the state proceeding, the Court cannot verify Farmers' allegations. Notwithstanding, the extent to which counsel provided a defense to Luke in the Underlying Action is not relevant to the Court's analysis of whether it possesses subject matter jurisdiction over Encompass' claims. See Discussion Section I.B, infra.

[2]  Encompass also named CRS, its insured, as a defendant in this proceeding.  (Doc. 1.)  CRS filed a counterclaim against Encompass for a declaration that Encompass has a duty to defend and indemnify it in the Underlying Action.  (Doc. 7.)  Subsequently, the parties stipulated to the dismissal without prejudice of CRS' counterclaim, and CRS was terminated as a defendant in the case.  (Doc. 74.)

his defense, then Farmers' [p]olicy may be triggered." (Id.) Encompass did not object to Farmers' intervention, (doc. 14), and the Court granted the motion to intervene, (doc. 28).

### III.   The Settlement Demand, Order Enforcing the Settlement, and Limited Release

On August 16, 2021, after Encompass filed this action, Childers sent a settlement demand to Luke and Encompass for $500,000 in exchange for a limited liability release, which Luke and Encompass accepted. (Doc. 89-1, pp. 9–10; see doc. 81-2, pp. 15–16.) After the demand was accepted, the parties disagreed about the terms of the release, and Childers disclaimed that a settlement had been reached. (Doc. 89-1, p. 10.) Luke's counsel (assigned by Encompass) then moved to enforce the settlement. (Id.) On August 31, 2022, the state court granted the motion and ordered Childers to execute a limited liability release of Luke and Encompass releasing "both . . . Luke and Encompass . . . of all liability" in exchange for the payment of $500,000 from Encompass. (Doc. 83-5.) The order stated that the funds were already in Childers' possession. (Id.) In compliance with the order, counsel for Luke prepared a limited liability release and provided it to Childers, which she then signed. (Doc. 89-1, p. 11; see doc. 88-1 (executed "Limited Release" dated September 29, 2022).) The Limited Release states in pertinent part that it "shall operate as a full and final release of [Encompass and Luke] from all injuries or damages to [Childers] arising out of the . . . accident . . . and a release of [Encompass and Luke]." (Doc. 88-1, pp. 1–2.) Furthermore, the Limited Release provides that "[i]t is expressly understood and agreed . . . [to be] a settlement of disputed claims for which the parties released hereby deny all liability." (Id. at p. 2.)

### IV.   The Parties' Motions

The parties engaged in discovery, and, on September 30, 2022, Encompass filed the at-issue Motion for Summary Judgment. (Doc. 81.) That same day, Farmers filed its at-issue Motion

for Summary Judgment, Motion to Dismiss, or in the Alternative, Motion to Stay.  (Doc. 83.)  The issues have been fully briefed.  (Docs. 81-1, 83-1, 87, 89, 92, 93.)

## DISCUSSION

### I.     Farmers' Motion (Doc. 83.)

Encompass requests a declaration that it had, and continues to have, no duty to cover, indemnify, or defend Luke under the Policy for claims arising from the accident because Luke has failed to cooperate with the investigation of the accident or his defense in the Underlying Action. (Doc. 42, pp. 6–9; doc. 81.)  Farmers, however, argues that summary judgment is warranted on Encompass' claims because Encompass settled Childers' claims in the Underlying Action, rendering this case moot and stripping the Court of jurisdiction to issue declaratory relief.[3]  (Doc. 83-1, pp. 7, 10–16.)

### A.     Standard of Review and Jurisdiction under the Declaratory Judgment Act

Although Farmers requests *summary judgment* on Encompass' claims for mootness/lack of subject matter jurisdiction under Rule 56, (doc. 83-1, p. 7), because Farmers' arguments are based upon matters outside the pleadings—namely, the state court's order enforcing the settlement and Limited Release—the Court construes this request as a "factual attack" on subject matter jurisdiction, which would warrant *dismissal* under Federal Rule of Civil Procedure 12(b)(1). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."

---

[3] Farmers also requests summary judgment because Encompass cannot show that it has been "prejudiced" by Luke's alleged non-cooperation in the Underlying Action.  (Doc. 83-1, pp. 16–18.)  Additionally, Farmers moves to dismiss this case on the basis that the Court lacks personal jurisdiction over Luke because he has not been personally served with Encompass' petition for declaratory relief.  (Id. at pp. 18–21.)  In the alternative, Farmers contends that the Court should stay or refrain from ruling on this action until a final judgment has been entered in the Underlying Action.  (Id. at pp. 21–23.)  The Court need not address these arguments because, as set forth in the following subsection, the Court agrees with Farmers that the Court lacks subject matter jurisdiction over Encompass' claims.

Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  Thus, when faced with a factual attack, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id.  "In short, no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Id.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Eleventh Circuit Court of Appeals has recognized that "Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'"  Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (citing Tilley Lamp Co. v. Thacker, 454 F.2d 805, 807–08 (5th Cir. 1972)).  Therefore, "when a party seeks declaratory relief, the courts are required to examine whether there is an 'actual controversy,' without which a declaration may not issue."  Gagliardi v. TJCV Land Trust, 889 F.3d 728, 735 (11th Cir. 2018) (quoting 28 U.S.C. § 2201).  "For a controversy to exist, 'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  Atlanta Gas Light Co., 68 F.3d at 414 (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).  "Although a case may have involved an actual controversy initially, the case becomes moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Perez-Frias v. Johns, No. 5:13-cv-

021, 2013 WL 3270348, at *1 (S.D. Ga. June 25, 2013) (quoting Hartford Cas. Ins. Co. v. Intrastate

Constr. Corp., 501 F. App'x 929, 937 (11th Cir. 2012)).

**B.      The Court Lacks Subject Matter Jurisdiction under the Declaratory Judgment Act**

Farmers argues that the Court lacks subject matter jurisdiction because Encompass settled

Childers' claims in the Underlying Action, and, thus, "[n]o actual controversy regarding

Encompass'[] coverage currently exists."  (Doc. 83-1, p. 15.)  Farmers contends that the settlement

of Childers' claims removes any "uncertainty as to the future action in question," rendering moot

the declaratory relief Encompass requests.  (Id. at p. 13.)  Encompass disagrees, contending that

there is an actual controversy notwithstanding the settlement and that its claims are not moot.

(Doc. 89, pp. 3–7.)  Encompass reasons that the settlement may be appealed because a final

judgment has not yet been entered in the Underlying Action.  (Id. at p. 5.)

The Court agrees with Farmers that the settlement and Limited Release have rendered

Encompass' claims for declaratory relief moot, and there is no longer a live controversy of

sufficient immediacy to confer jurisdiction over this action.  Encompass requested a declaration

that it is not obligated to cover, indemnify, or defend Luke under the Policy for Childers' claims

arising out of the June 1, 2018, motor-vehicle accident.  (Doc. 42, pp. 8–10.)  Subsequently,

Encompass accepted Childers' demand to settle her claims against Luke for $500,000 and paid the

funds to Childers' counsel.  (Doc. 89-1, pp. 9–10; doc. 83-5, p. 1; see doc. 81-2, p. 16.)  Per the

state court's order granting Luke's motion to enforce the settlement, (doc. 83-5), Childers executed

a Limited Release, which explicitly "operate[s] as a full and final release of [Encompass and Luke]

from all injuries or damages to [Childers] arising out of the . . . accident" as well as any claims

against them related to the at-issue accident.  (Doc. 88-1, pp. 1–2; see id. at p. 2 (providing that

the Limited Release constitutes "a settlement of disputed claims for which the parties released

hereby deny all liability").)  Thus, the Limited Release applies to the exact claims as to which Encompass now seeks a declaration that it has no duty to defend, cover, or indemnify.  (See doc. 42, p. 8 (seeking a declaration that Encompass need not cover, indemnify, or defend Luke for "any claims *arising from the [s]ubject [a]ccident*") (emphasis added).)

"[T]he settlement of a dispute generally renders a case moot."  U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 748 (11th Cir. 1991).  The Eleventh Circuit has recognized that the settlement of a claim moots an earlier declaratory judgment action brought by an insurer to clarify its duties with respect to that claim.  See Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP, 609 F. App'x 972, 979 (11th Cir. 2015) (holding that an insurer's declaratory judgment action "plainly became moot as soon as [it] paid the . . . settlement" because, "[a]t that point, a declaration could not have had any bearing on the parties' future conduct"); U.S. Fire Ins. Co., 931 F.2d at 748–49 (affirming dismissal of an insurer's declaratory judgment action concerning its duty to defend and indemnify where the insurer had agreed to a settlement which unambiguously resolved the disputes at issue).  This Court and at least one other district court in the Eleventh Circuit have likewise dismissed a declaratory judgment suit on the basis that a settlement had eliminated the controversy between the parties.  See Travelers Prop. Cas. Co. of Am. v. TT Club Mut. Ins. Ltd., No. 4:19-cv-231, 2022 WL 988001, at *5 (S.D. Ga. Mar. 31, 2022) ("[E]ven though [the insurer] likely had standing to bring its petition for declaratory judgment, [the insurer's] claim was rendered moot as soon as it made payments towards the [s]ettlement."); see also Nationwide Mut. Fire Ins. Co. v. Royall, No. 606-cv-1695-Orl-31KRS, 2008 WL 2941365, at *1 (M.D. Fla. July 28, 2008) (finding the "[insurer's] request for declaratory relief regarding its duty to indemnify [the insured] in the [u]nderlying [a]ction is moot" because the insured "has settled that suit").

Notwithstanding this authority, Encompass maintains that the settlement does not eliminate the existence of an actual controversy between the parties.[4]  (Doc. 89, pp. 4–7.)  For support, it cites Nationwide Property & Casualty Insurance Co. v. Renaissance Bliss, LLC, 823 F. App'x 815, 821 (11th Cir. 2020), in which the Eleventh Circuit held that a live controversy remained notwithstanding the insurer's agreement to pay to settle claims brought against its insured.  (Doc. 89, pp. 4–5.)  Like the case at hand, Renaissance Bliss was a declaratory judgment action brought by an insurer regarding its obligations to cover claims asserted against its insured in an underlying tort action.  823 F. App'x at 816–17.  While the action was pending, the parties participated in a mediation and the insurer agreed to pay to settle the claims.  Id. at 819.  However, upon agreeing to settle the underlying suit, the insurer and its insured entered a "Funding and Status Quo Agreement," in which the insurer agreed to fund the settlement but preserved its right to litigate the pending declaratory judgment action concerning its coverage obligations.  Id.  The agreement stipulated that payments made towards the settlement would not be deemed voluntary.  Id.  The Eleventh Circuit found that the case was not moot because the agreement "expressly provided that the dispute over [the insurer's] coverage obligations remained ongoing and that [the declaratory judgment action] would resolve it."  Id. at 821.  Here, in contrast, there is no evidence in the record that Encompass entered into an analogous agreement preserving its right to obtain a declaration concerning its coverage obligations or stating that its payment of the $500,000 was involuntary.  Instead, as noted above, Childers simply executed a Limited Release—prepared by counsel assigned to Luke by Encompass—which fully and finally releases Encompass and Luke from

---

[4]  To the extent that Encompass argues the settlement was involuntary because it was court-ordered, (doc. 89, pp. 5–7), this argument is contradicted by the text of the Limited Release, (see doc. 88-1, pp. 2–3 ("This agreement is the joint work product of the parties hereto . . . .")).  Furthermore, counsel assigned to Luke by Encompass moved to enforce the settlement, clearly indicating that Encompass was voluntarily settling the claims.  (Doc. 89-1, p. 10.)

liability for claims arising from the accident.  (Doc. 88-1.)  These are precisely the claims with respect to which Encompass has sought declaratory relief.  Moreover, the Limited Release states that it is "intend[ed] . . . to *avoid* further litigation."  (<u>Id.</u> at p. 2 (emphasis added).)  Therefore, absent any evidence of an agreement authorizing Encompass to maintain this action, <u>Renaissance Bliss</u> is distinguishable.

Encompass also relies upon the reasoning in <u>Utica Mutual Insurance Co. v. Dean & Moore Insurance, Inc.</u>, No. 1:10-CV-1792-HTW, 2011 WL 13272690, at *7 (N.D. Ga. Mar. 29, 2011), in which the United States District Court for the Northern District of Georgia stated in dicta that "the duty to defend does not become 'moot' when the insurer declines to defend, *or even when the underlying case settles*."  (Doc. 89, pp. 5–6 (emphasis added).)  In <u>Utica</u>, however, unlike in the case at hand, there had not been any settlement in the underlying action, and the district court, therefore, did not have determine whether such a settlement would have mooted the insurer's claims for a declaration that it did not have to indemnify its insured.  <u>See</u> 2011 WL 13272690, at *1–7.  Moreover, the case cited by <u>Utica</u> to support this statement—<u>Universal Underwriters Insurance. Co. v. Stokes Chevrolet, Inc.</u>, 990 F.2d 598 (11th Cir. 1993)—did not address the issue of the impact of settlement of an underlying claim on a pending declaratory judgment action regarding the duty to indemnify.  <u>Id.</u>  Additionally, <u>Universal Underwriters</u> is distinguishable from the present case because there is no indication that the plaintiff-insurer (or legal counsel hired by it) was involved in the decision to settle and/or paid the settlement proceeds, and also because the plaintiff-insurer in <u>Universal Underwriters</u> only sought a declaration regarding its duty to defend, not its duty to indemnify.  <u>Id.</u> at *7.  Therefore, the Court is not persuaded by <u>Utica</u> or, for that matter, <u>Universal Underwriters</u>.

Encompass next contends that a live controversy remains because the state court's order enforcing the settlement is appealable.[5]  (Doc. 89, pp. 3, 5–6.)  Encompass is correct that, under Georgia law, Childers has thirty days from the entry of final judgment in the state action to appeal the order.  See Claxton v. Adams, 849 S.E.2d 494, 497 (Ga. Ct. App. 2020).  However, the Court finds such a future appeal to be too hypothetical and speculative to create a justiciable controversy.  See Carnegie Inst. of Wash. v. Fenix Diamonds, LLC, No. 20-cv-200 (JSR), 2021 WL 3501092, at *3 (S.D.N.Y. Aug. 7, 2021) ("[T]he speculative and distant possibility that the defendants will appeal the court's [decision] . . . does not render the controversy of sufficient immediacy to give the court subject matter jurisdiction under the Declaratory Judgment Act.") (internal quotations omitted); Assurance Co. of Am. v. Women's Care, P.A., No. 08-2420, 2009 WL 1424490, at *3 (D. Kan. May 21, 2009) ("[A] hypothetical appeal in the [underlying] action . . . does not raise a question of substantial controversy, of sufficient immediacy and reality to warrant a declaratory judgment.  The chance of an appeal, a reversal by the appellate court, and a judgment at the trial court [in favor of the appellant] does not create a definite and concrete legal issue.") (internal quotations and citations omitted).  Indeed, there is no evidence in the record indicating that Childers intends to appeal the order.

In sum, the Court finds that it lacks jurisdiction over this case because Encompass settled and was released from Childers' claims against it in the Underlying Action.  These are the same claims to which Encompass' petition relates, and because a potential appeal of the order enforcing

---

[5]  For support, Encompass cites the Court's decision in Ogeechee-Canoochee Riverkeeper, Inc. v. U.S. Army Corps of Engineers, No. 6:06-cv-102, 2007 WL 1376364 (S.D. Ga. May 7, 2007).  (Doc. 89, pp. 6–7.)  Encompass' reliance upon Ogeechee-Canoochee is misplaced because that case involved the "voluntary cessation" exception to the mootness doctrine, which Encompass has neither raised nor contended is applicable in this case.  See 2007 WL 1376364, at *2–4.

the settlement is too speculative, there is not an "actual controversy" which permits the issuance of declaratory relief under Section 2201(a).

## CONCLUSION

Based upon the forgoing, the Court **GRANTS in part and DENIES in part** Defendant Farmers Insurance Exchange's Motion, which the Court has construed as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. (Doc. 83.) Specifically, the Court **GRANTS** the Motion with respect to Farmers' lack of jurisdiction/mootness arguments and **DENIES as moot** Farmers' remaining arguments. (Id.) Because the Court does not have jurisdiction over this case, it **DENIES as moot** Plaintiff Encompass Home & Auto Insurance Company's Motion for Summary Judgment. (Doc. 81.) Encompass' claims asserted in its Second Amended Petition for Declaratory Judgment, (doc. 42), are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **ENTER** the appropriate judgment and to **CLOSE** the case.

**SO ORDERED**, this 26th day of April, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA